SHEDD, Circuit Judge,
dissenting:
Because I believe the district court properly held that Luck did not meet Strickland’s second requirement of prejudice regarding his claim of ineffective assistance of counsel for failure to request a paid informant instruction, I would affirm. Accordingly, I dissent from the majority’s opinion.
In examining the prejudice prong, the district court found that
Luck fails to establish that a reasonable probability exists that the outcome of the case would have been different if the Court had given the special instruction .... Defense counsel cross-examined Johnson and Thompkins about their possible biases after they testified on direct examination about the benefits the government would grant them for their assistance. Counsel also cross-examined police investigator O’Donnell about the awards Johnson and Thompkins received for testifying after O’Donnell thoroughly described during direct examination the various benefits informants can receive. Counsel also addressed the prosecution witnesses’ motivations during his closing argument. Furthermore, the court instructed the jury on witness credibility in general.... After reviewing the record, Luck fails to state a plausible claim ... that there is a reasonable probability that *191 any additional jury instruction would have led the jury to acquit Luck.
J.A. 560-61 (internal citations omitted).
Assuming Luck’s trial counsel’s performance was deficient, I do not believe Luck has carried his burden to prove that he was prejudiced by trial counsel’s failure to request a paid informant instruction. The jury was aware of possible biases by Johnson and Thompkins against Luck. In addition to cross-examining both of these informant-witnesses, Luck’s attorney also cross-examined the investigating detective as to their interests in testifying against Luck. Finally, Luck’s attorney addressed these witnesses’ motivations when making his closing argument.
In short, the jury was made aware on several occasions that two of the prosecution’s witnesses were receiving either financial consideration or -a reduced punishment in exchange for testifying against Luck. Yet, the jury nevertheless convicted Luck. Given these facts, I do not believe that Luck has shown “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, I dissent from the majority’s view and would affirm the decision of the district court.